RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3 / 2 / 12
JMB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JASON ALAN YBARRA, <br> Petitioner | CRIMINAL NO. 1:11-cv-02212 |
| VERSUS | DISTRICT JUDGE DEE D. DRELL |
| MARINA MEDINA, WARDEN, <br> Respondent | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a habeas petition filed pursuant to 28 U.S.C. § 2241 by petitioner Jason Alan Ybarra ("Ybarra") on December 21, 2011. Ybarra is challenging his 240 month sentence, imposed on October 1, 2009 pursuant to a conditional guilty plea entered in the United States District Court for the Western District of Texas, Midland Division, on one count of possession with intent to distribute 50 grams or more of crack cocaine. Ybarra was sentenced to 240 months imprisonment and is currently imprisoned in the Federal Correctional Institution-Medium in Pollock, Louisiana ("FCI-Pollock"). U.S. v. Ybarra, 397 Fed.Appx. 936 (5th Cir. 2010), cert. den., 131 S.Ct. 1831 (U.S. 2011).

Ybarra contends that, under the Fair Sentencing Act, 18 U.S.C. 3582(c)(2), and the amendment to the U.S. Sentencing Guidelines § 1B1.10 of the United States Sentencing Commission Guidelines, he is entitled to a reduction in sentence. Section 3582(c)(2) states:

> (c) Modification of an imposed term of imprisonment.-The court may not modify a term of imprisonment once it has been imposed except that-
>         \*        \*        \*
> (2) In the case of a defendant who has been sentenced to

a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commissioner pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Ybarra committed his offenses on June 18-24, 2009, pleaded guilty on October 1, 2009, and was sentenced on January 29, 2010 to 240 months imprisonment. U.S. v. Ybarra, 7:09-cr-00190-1 (W.D.Tex.).

The FSA, which became effective in August 2010, amended the Controlled Substances Act and Controlled Substances Import and Export Act by resetting the drug quantities required to trigger mandatory minimum sentences. Pub.L.No. 111-220, § 2(a)(2), 124 Stat. 2371 (Aug. 3, 2010). U.S. v. Neal, 2012 21 489994 (5th Cir. 2012). The FSA also reduced the previous 100:1 ratio between thresholds for sentences for crack and powder cocaine offenses.

The Fifth Circuit has held that the penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's August 2010 enactment. U.S. v. Tickles, 661 F.3d 212, 214-215 (5th Cir. 2011), pet. for cert. filed, No. 11-8023, No. 11-8268 (U.S. 2011). Also, U.S. v. Gray, 2012 wl 315989, *9 n.1 (5th Cir. 2012).

Since Ybarra's offenses took place in June 2009, the FSA amendments are not applicable to his sentence and Ybarra's habeas

2

petition should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Ybarra's Section 2241 habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 1st day of March, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE